UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BILLY JUSTIN CLIFT,**

  Petitioner,

v.                                                    No. 4:25-cv-0758-P

**DIRECTOR, TDCJ-CID,**

  Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is the petition of Billy Justin Clift for writ of habeas corpus under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED** as untimely and unexhausted.

### BACKGROUND

Petitioner is serving a 12-year term of imprisonment imposed on January 26, 2023, under Case No. CR21-0478 in the 43rd District Court, Parker County, Texas, following his conviction upon plea of guilty to aggravated sexual assault of a child. ECF No. 13-2 at 6–8. Because the punishment assessed did not exceed the punishment recommended by the prosecutor, Petitioner was required to seek leave to appeal. *Id.* at 11. He did not appeal.

On August 25, 2024, Petitioner signed his state habeas application. ECF No. 13-3 at 37.[1] On April 30, 2025, the Texas Court of Criminal Appeals ("CCA") denied the application on the findings of the trial court and on the Court's independent review of the record. ECF No. 13-1.

---

[1] The page number references to this document are to "Page __ of 205" reflected at the top right portion of the document on the Court's electronic filing system.

On July 8, 2025, Petitioner submitted his federal habeas petition for filing. ECF No. 1 at 11.[2] He urges five grounds in support: (1) actual innocence; (2) ineffective assistance of counsel; (3) incompetence to stand trial; (4) coerced confession; and (5) faulty indictment. *Id.* at 6–8.

## LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A properly-filed subsequent state petition, even though dismissed as successive, counts

---

[2] The page number references to the petition are to "Page __ of 24" reflected at the top right portion of the document on the Court's electronic filing system.

to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Ineffective assistance is irrelevant to the determination of a right to equitable tolling because a prisoner has no right to counsel during post-conviction proceedings. *Petty*, 530 F.3d at 366. Unsupported, conclusory allegations of mental illness cannot support equitable tolling. *Smith v. Kelly*, 301 F. App'x 375, 377–78 (5th Cir. 2008). Rather, a petitioner must show that mental illness rendered him unable to pursue his legal rights during the relevant period. *Fisher v. Johnson*, 174 F.3d 710, 715–16 (5th Cir. 1999) (citing *Hood v. Sears*

3

*Roebuck & Co.*, 168 F.3d 231, 232–33 (5th Cir. 1999)). Even then, he must show that he diligently pursued relief. *Smith*, 301 F. App'x at 377.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## EXHAUSTION

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivation of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).

## ANALYSIS

Petitioner did not appeal. Therefore, his judgment became final on February 27, 2023, thirty days after it was entered. TEX. R. APP. P. 68.2(a). (As Respondent notes, the thirtieth day following the conviction was a Saturday; accordingly, Petitioner had until February 27, 2023, to file his notice of appeal. ECF No. 14 at 8, n.4.) Absent tolling, Petitioner had until February 27, 2024, in which to file his federal habeas petition.

4

Because Petitioner did not timely file his state application, the time it was pending does not operate to toll limitations. *Scott*, 227 F.3d at 263. His federal petition, filed July 8, 2025, is over 16 months late.

Petitioner does not address limitations in his petition. ECF No. 1 at 10. There is no reason to believe that he was misled by the government or prevented in some extraordinary way from asserting his rights. *Fierro*, 294 F.3d at 682; *Patterson*, 211 F.3d at 930. His ignorance of the law or lack of legal acumen does not excuse his late filing. *Petty*, 530 F.3d at 366; *Alexander*, 294 F.3d at 629.

Petitioner alludes to his mental incompetence in his petition, ECF No. 1 at 6 (alleging that his attorney failed to investigate his mental incompetency), but there is no reason to believe that he is or was mentally incompetent. The plea papers reflect that Petitioner understood each and every paragraph and was aware of the consequences of his plea. ECF No. 13-2 at 11. Specifically, he stated in open court that he believed that he was mentally competent and that his plea was made freely, knowingly, and voluntarily. *Id.* at 12. His attorney represented that he was satisfied that Petitioner was legally competent to enter his plea and that he did so freely, knowingly, and voluntarily. *Id.* Having interrogated Petitioner in open court, the presiding judge agreed that Petitioner was competent to enter the plea. *Id.* at 13. Petitioner's solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, the plea documents are entitled to a presumption of regularity and carry strong evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

Petitioner raised the issue of his mental competency in his state habeas application. ECF No. 13-3 at 29. His counsel filed a lengthy declaration refuting the allegations that Petitioner was incompetent and that counsel had rendered ineffective assistance. *Id.* at 101–18. The trial court made findings of fact and conclusions of law, rejecting Petitioner's grounds. *Id.* at 194–99. Petitioner has made no attempt to meet his burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill v. Johnson*, 210 F.3d 481, 486 (5th Cir. 2000). Nor has he shown that he acted diligently in

5

any event. He is not entitled to equitable tolling based on alleged mental deficiency.

Petitioner recognizes that he failed to exhaust all of the grounds he presents in his federal habeas petition. ECF No. 1 at 9 (admitting that the first and fourth grounds are unexhausted). In addition, it appears that his third ground is unexhausted. *Compare id.* at 7 and ECF No. 13-3 at 29. If he were to seek to pursue those grounds in state court, the application would be dismissed as an abuse of the writ. *See* TEX. CODE CRIM. P. art. 11.07, § 4. Abuse of the writ is an independent and adequate state ground for the purpose of imposing a federal procedural bar. *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008). Aside from alleging his lack of understanding of the law, ECF No. 1 at 9, Petitioner has made no attempt to show cause and prejudice to overcome the bar. The unexhausted claims would be dismissed even if they had been timely presented.

Finally, to the extent Petitioner asserts actual innocence as a ground of his petition, ECF No. 1 at 6, he cannot prevail. To establish actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. In this case, there is no such new evidence. Rather, Petitioner relies on jail records in existence at the time of his conviction. ECF No. 1 at 6. He discussed those records with counsel and counsel determined that Petitioner, who had admitted in a recorded statement to police that he had stayed overnight in a hotel room with the complainant and her family in approximately the same timeframe as alleged in the indictment, did not have an alibi defense to present at trial. ECF No. 13-3 at 108–09. The trial court found counsel's statements to be credible. *Id.* at 196. The Court need not determine whether Petitioner, who pled guilty, can assert actual innocence as a gateway to presenting a constitutional claim. ECF No. 14 at 17–18 (urging the Court to determine that actual innocence cannot be asserted here). The facts of his case simply do not support an actual innocence claim.

## CONCLUSION

For the reasons discussed, the petition is **DISMISSED** as untimely and, alternatively, as unexhausted. The Court need not reach the merits of the claims.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **15th day** of **December 2025.**

*[signature]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE